IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROBERT JOSEPH KING | * | |
| Petitioner | * | |
| v | * | Civil Action No. DKC-10-1486 |
| SHEILAH DAVENPORT, JOHN M. COLMENS, and DOUGLAS F. GANSLER | * * | |
| Respondents | * | |

***

## MEMORANDUM OPINION

Pending is Respondents' Answer to the Petition for Writ of Habeas Corpus. Petitioner has filed an Opposition and the matter is now ripe for this Court's review. The Court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2008); *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)).

**Background**

Petitioner, who is confined to Clifton T. Perkins Hospital (Perkins), a facility within the Department of Health and Mental Hygiene (DHMH), asserts that his detention is unlawful. On May 14, 1999, in the Circuit Court for Prince George's County, Petitioner was found Not Criminally Responsible (NCR) for aggravated assault and malicious destruction of property. Paper No. 4 at Ex. 1. Under Md. Code Ann., Crim. Proc. §3-115(a), persons committed to a DHMH facility as NCR are entitled to present relevant information to a hearing officer who then makes recommendations to the circuit court as to whether the person is eligible for release. Petitioner was provided with such a hearing, the findings were reported to the court and, on

July 20, 1999, an Order of Continued Commitment was issued by the Circuit Court for Prince George's County. Paper No. 4 at Ex. 2; *see* Md. Crim. Proc., Code Ann. § 3-117 (a).[1]

In June of 2006, Petitioner assaulted a nurse at Perkins and was subsequently convicted of assault in the District Court of Maryland for Howard County and sentenced to three years. Paper No. 4 at Ex. 3. It was then determined by DHMH officials that Petitioner could be conditionally released to the Division of Correction (DOC) for service of the thee-year sentence. An Application for Conditional Release was filed with the Circuit Court for Prince George's County, seeking conditional release of Petitioner to serve his sentence in the DOC, with a provision for his return to the custody of DHMH for possible further commitment if he evidenced dangerousness to other people or property.[2] *Id*. at Ex. 4. Petitioner, through counsel, objected to the provision requiring his return to DHMH upon completion of his sentence and instead requested unconditional release to the Division of Correction so that he could serve his sentence. *Id*. at Ex. 5. Petitioner did not request a hearing from the Circuit Court.

On April 8, 2007, the the Circuit Court granted the application for conditional release, requiring Petitioner's return to DHMH upon completion of his sentence, and ordered Petitioner transferred to the DOC. *Id*. at Ex. 7. Petitioner filed an Application for Leave to Appeal with

---

[1] The statute provides that the court may hold a hearing on its own initiative, but if timely exceptions are filed, a hearing must be held. Md. Crim Proc., Code Ann. §3-117 (a)(1) and (2).

[2] The provision, which was adopted by the court, required:

> Upon completion of the three year sentence, Robert King shall return to Clifton T. Perkins Hospital Center for a mental health evaluation to determine whether, based upon his mental disorder, Mr. King would be a danger to himself or others or to the propery of others if conditionally released into the community. If the Court determines that, [upon] his return from the Division of Correction, Mr. King would be, based upon his mental disorder, a danger to himself or others or to the property of others, if released into the community, Mr. King shall be recommitted to DHMH for inpatient care and treatment.

Paper No. 4 at Ex. 7, p. 2.

the Court of Special Appeals of Maryland. The application was denied on October 23, 2007. *Id*. at Ex. 8. Petitioner did not file for certiorari review with the Court of Appeals of Maryland.

Petitioner returned to Perkins on November 21, 2008, after he served his sentence. It was determined that due to his mental disorder he would present a danger to himself or the person or property of others if he were released to the community. *Id*. at Ex. 9. Based on that evaluation and pursuant to Md. Code Ann., Crim Proc. §3-122(c)(3), DHMH filed a request with the Circuit Court for revocation of the conditional release. *Id*. at Ex. 10. Petitioner opposed the petition and requested a hearing. *Id*. at Ex. 11. A hearing was held on June 12, 2009, and, over Petitioner's objection, the order of conditional release was revoked. *Id*. at Ex. 12. Petitioner was committed to the custody of DHMH for institutional inpatient care and treatment and ordered to remain so committed pending further order of the Circuit Court for Prince George's County. *Id*.

Petitioner filed an Application for Leave to Appeal the revocation of his conditional release with the Court of Special Appeals of Maryland. The application was denied without opinion. *Id*. at Ex. 13. Petitioner sought certiorari review in the Court of Appeals on three issues:

(1) Did the circuit court have jurisdiction to revoke the applicant's conditional release when it proceeded under section 3-122 rather than section 3-121 of the Criminal Procedure Article of the Annotated Code of Maryland?

(2) Did the circuit court err in allowing evidence and testimony at the revocation hearing about Mr. King's prior commitments in violation of *Kelly v. State*?

(3) Was the appellant denied effective assistance of counsel in his conditional release revocation proceeding because his counsel failed to raise issues (1) and (2) during the revocation hearing?

Paper No. 4 at Ex. 15. The petition for writ of certiorari was denied on June 11, 2010.

Petitioner also challenged the validity of his confinement through a habeas corpus petition filed in the Circuit Court for Howard County, later transferred to the Circuit Court for

3

Prince George's County. Paper No. 4 at Ex. 16. Petitioner claimed ineffective assistance of counsel because counsel refused to allow his attendance at an April 2007 hearing regarding conditional release, and counsel failed to object to the provision requiring his return to Perkins upon completion of his sentence. Paper No. 4 at Ex. 17. Petitioner also claimed he was denied constitutional rights because the state court refused to allow him to attend a hearing in April 2007 regarding the conditional release application and he was not provided a hearing on the revocation of his conditional release within ten days of his return to Perkins. *Id*. The court denied the petition without a hearing, and rejected Petitioner's contention that he should have had a hearing within 10 days of his return to Perkins, relying on Md. Code Ann., Crim Proc. §3-122(c), which has no ten-day hearing requirement. With respect to his claim regarding the April 2007 proceeding, the court concluded the claim was moot because Petitioner had already completed serving his criminal sentence. *Id*. at Ex. 18.

Petitioner then filed a Petition for Writ of Habeas Corpus in the Court of Special Appeals of Maryland, specifically requesting that the filing not be treated as a notice of appeal of the May 22, 2009 decision of the Circuit Court for Prince George's County. Paper No. 4 at Ex. 19. The appellate court nonetheless construed the petition as a Notice of Appeal and issued a briefing schedule. *Id*. at Ex. 20. At the time Respondents' Answer was filed here, Petitioner had not yet filed his brief in the appellate court. *Id*. at Ex. 21.

A petition for writ of certiorari challenging the Court of Special Appeals' treatment of the Petition for Writ of Habeas Corpus as a notice of appeal was filed with the Court of Appeals of Maryland by Petitioner on August 5, 2009. Paper No. 4 at Ex. 22. The Court of Appeals denied the writ on October 9, 2009. *Id*. at Ex. 23. Petitioner sought further review with the United

States Supreme Court on April 26, 2010, but the petition for writ certiorari was denied. *Id*. at Ex. 24, p. 7.

In the instant petition he claims:

(1) The Court of Special Appeals of Maryland improperly construed his Petition for Writ of Habeas Corpus as a Notice of Appeal;

(2) Md. Code Ann., Crim. Proc. §§3-120 and 122 are unconstitutional because there is no requirement for a hearing on an application for conditional release or an application for a change in conditional release filed by DHMH;

(3) The denial of hearing on the application for conditional release violated Petitioner's constitutional rights;

(4) Failure to provide a hearing violated both the double jeopardy and ex post facto clauses of the federal and state constitutions; and

(5) Petitioner's right to the effective assistance of counsel was violated in the conditional release and revocation proceedings.

Paper No. 1 at pp. 23—28.

**Standard of Review**

When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. *See* 28 U.S.C. §2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it.

Where an application filed by DHMH for conditional release is granted by a circuit court, appellate review is by application for leave to appeal to the Court of Special Appeals. *See* Md. Crim. Proc., Code Ann. §3-120(d)(2). If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. *See* Md. Cts. & Jud. Proc. Code Ann., §12-202. However, if the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Court of Appeals. *See*

5

*Williams v. State*, 292 Md. 201, 210-11 (1981). For purposes of an application for change in conditional release, the circuit court that granted the conditional release considers the application. In the event it is granted, appellate review is by application for leave to appeal. The statute also provides for an application for a change in release no earlier than one year after the court action. *See* Md. Code Ann., Crim. Proc.§3-122(d)(1).

**Analysis**

Respondents assert the Petition for Writ of Habeas Corpus should be dismissed because the claims have not been exhausted. Petitioner counters that it is unnecessary for the State courts to actually rule on his claims, only that they are given the first chance to do so.

Petitioner's appeal is currently pending before the Court of Special Appeals of Maryland. In the event the Court of Special Appeals rules in Petitioner's favor, this petition will be moot. In the event Petitioner is unsuccessful in his appeal, he has further appellate review available to him. Because it appears that Petitioner's claims have not yet been exhausted in the state courts, this court concludes that the merits of this petition may not be considered at this time. Both comity and judicial efficiency make it appropriate for this court to insist on complete exhaustion before it addresses the issues raised by the Petitioner. *See Granberry v. Greer*, 481 U.S. 129, 135 (1987). In order to allow Petitioner to continue to pursue his state court remedies and in the interest of judicial economy, this case will be stayed. Petitioner and counsel shall be directed to inform this court of the progress of the state court litigation. A separate order follows.


Date: __September 3, 2010__              _____/s/_____
                                         DEBORAH K. CHASANOW
                                         United States District Judge