# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROBERT JOSEPH KING | * | |
| Petitioner | * | |
| v | * | Civil Action No. DKC-10-1486 |
| SHEILAH DAVENPORT, JOHN M. COLMENS, and DOUGLAS F. GANSLER | * * | |
| Respondents | * | |

***

## MEMORANDUM OPINION

The above-captioned case was stayed pending Petitioner's exhaustion of state remedies on September 3, 2010. ECF No. 7. The state appellate review process is now complete and the parties have filed further briefing concerning the issue of exhaustion. ECF No. 13 and 14. Upon review of the papers filed, the court deems a hearing in this case unnecessary. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2010). For the reasons that follow, the Petition for Writ of Habeas Corpus shall be dismissed without prejudice.

### Background

Petitioner is confined to Clifton T. Perkins Hospital (Perkins), a facility within the Maryland Department of Health and Mental Hygiene (DHMH). As set forth in the court's previous Memorandum Opinion, Petitioner was conditionally released to the custody of the Division of Correction to serve a three year sentence for assaulting a Perkins nurse. He returned to Perkins on November 21, 2008, after he served his sentence. It was determined that due to his mental disorder he would present a danger to himself or the person or property of others if he were released to the community. ECF No. 4 at Ex. 9. Based on that evaluation and pursuant to

Md. Code Ann., Crim. Proc. §3-122(c)(3), DHMH filed a request with the Circuit Court for Prince George's County for revocation of the conditional release. *Id*. at Ex. 10.

Petitioner opposed the petition and requested a hearing. *Id*. at Ex. 11. A hearing was held on June 12, 2009, and, over Petitioner's objection, the order of conditional release was revoked. *Id*. at Ex. 12. Petitioner was committed to the custody of DHMH for institutional inpatient care and treatment and ordered to remain so committed pending further order of the Circuit Court. *Id*.

Petitioner filed an Application for Leave to Appeal the revocation of his conditional release with the Court of Special Appeals of Maryland. The application was denied without opinion. *Id*. at Ex. 13. Petitioner sought certiorari review in the Court of Appeals which was denied on June 11, 2010. *Id*. at Ex. 15.

Petitioner also challenged the validity of his confinement through a habeas corpus petition filed in the Circuit Court for Howard County, later transferred to the Circuit Court for Prince George's County. ECF No. 4 at Ex. 16 and 17. The court denied the petition without a hearing and rejected Petitioner's contention that he should have had a hearing within 10 days of his return to Perkins, relying on Md. Code Ann., Crim Proc. §3-122(c), which has no ten-day hearing requirement. With respect to the claim regarding the April 2007 proceeding, conditionally releasing Petitioner to the Division of Correction for service of a sentence, the court concluded the claim was moot because Petitioner had already completed serving his criminal sentence. *Id*. at Ex. 18.

Petitioner then filed a Petition for Writ of Habeas Corpus in the Court of Special Appeals of Maryland, specifically requesting that the filing not be treated as a notice of appeal of the May 22, 2009 decision of the Circuit Court for Prince George's County. ECF No. 4 at Ex. 19. The

appellate court nonetheless construed the petition as a Notice of Appeal and issued a briefing schedule.[1] *Id*. at Ex. 20. The Court of Special Appeals dismissed the appeal on July 22, 2010 based on Petitioner's failure to file a brief. ECF No. 8 at Ex. 1. Petitioner's Petition for Writ of Certiorari filed with the Court of Appeals was denied on November 22, 2010. ECF No. 9 at Ex. 1.

On August 16, 2010, Petitioner filed a request for release from commitment to DHMH. ECF No. 13 at Ex. 1. A jury trial was held on January 31 and February 1, 2011. ECF No. 15. Petitioner had the opportunity to argue he is entitled to release from commitment. *See* Md. Code Ann., Crim. Proc. §3-119(c). The jury determined that Petitioner is not eligible for release or discharge from his commitment to DHMH. Should he decide to do so, he may appeal that decision.

**Standard of Review**

When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. *See* 28 U.S.C. §2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. For a person convicted of a criminal offense in Maryland this may be accomplished either on direct appeal or in post-conviction proceedings. To exhaust available state remedies, "federal habeas petitioners must provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon [the] constitutional claim." *Anderson v. Harless*, 459 U.S. 4, 6 (1982). For purposes of exhaustion it is not sufficient that the state courts considered a

---

[1] A petition for writ of certiorari challenging the Court of Special Appeals' treatment of the Petition for Writ of Habeas Corpus as a notice of appeal was filed with the Court of Appeals of Maryland by Petitioner on August 5, 2009. ECF No. 4 at Ex. 22. The Court of Appeals denied the writ on October 9, 2009. *Id*. at Ex. 23. Petitioner sought further review with the United States Supreme Court on April 26, 2010, but the petition for writ certiorari was denied. *Id*. at Ex. 24, p. 7

similar claim or that "all the facts necessary to support the federal claim were before the state courts." *Id*. If a federal habeas petitioner has not fairly presented the substance of his claim to the state courts, the claim has not been exhausted. *Id*., *citing Picard v. Connor*, 404 U.S. 270, 275 (1971).

Respondents maintain that the petition is subject to dismissal for failure to exhaust because Petitioner failed to provide the appellate courts with an opportunity to review his claims due to his failure to file a brief as required. ECF No. 13. Petitioner asserts he gave the state courts an opportunity to review the issues and his claims should be considered exhausted. ECF No. 14. Petitioner's presentation of his claim regarding the constitutionality of the Maryland statutory scheme was not fairly presented to the state courts for review. His failure to file a brief with the Court of Special Appeals deprived that court of the opportunity to consider the merits of his claim. Thus, the claim has not been exhausted for purposes of federal habeas review.

His claim regarding the legality of his confinement also has not been exhausted because it has not been presented to the appellate courts for review. Accordingly, the petition shall be dismissed without prejudice by separate Order which follows.

Date: February 28, 2011        /s/
                               DEBORAH K. CHASANOW
                               United States District Judge